**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **HENNECKE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-2054** |
| | ) | |
| **ADVANCED BUILDING COMPOSITES,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On January 27, 2010, Plaintiff Hennecke, Inc. filed a complaint against Advanced

Building Composites, LLC, asserting breach of contract and anticipatory repudiation.

Defendant has failed to appear or otherwise defend, and the clerk of the court entered

default against it as to liability (doc. 8). Hennecke has now filed a motion seeking a

default judgment against Defendant for over $3.6 million (doc. 9).

**1.     Background**

According to Hennecke's complaint, in September 2009, Hennecke and

Defendant entered into a contract whereby Hennecke would manufacture a PUR-CSM

LFT pallet production system to Defendant's specifications. Defendant would pay

Hennecke $1,825,900 for the equipment. The following month, Defendant also

contracted to buy five additional units to be delivered after installation of the first unit.

After Hennecke manufactured the first unit and attempted to deliver it to Defendant, Defendant failed to make the required payment. Hennecke returned the unit to its facility, and it stopped production on the additional five units. To date, Defendant has failed to make any payments under the contract.

Hennecke then filed this lawsuit for breach of the first contract and anticipatory repudiation of the second. Having heard no response from Defendant, Hennecke now seeks default judgment.

## 2. Service of Process

As a prerequisite for a default judgment, the court must ensure that process was properly served on Defendant. *Dewey v. City of Topeka Eng'g Dep't*, No. 97-4037, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997). Under Rule 4(h), a plaintiff may effect service upon a corporation pursuant to the methods prescribed by applicable state law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Civ. P. 4(h)(1).

The Rules also permit service of a summons and complaint upon a defendant in any manner authorized by the state in which the federal district court sits or the state in which service is to be accomplished. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). In Kansas, service may be made upon a foreign corporation through its resident agent or, where no resident agent cannot be found, through the secretary of state. K.S.A. § 60-304(f).

Section 60-304(f) provides in relevant part:

> whenever the resident agent of [a] limited liability company [authorized to transact business in this state] cannot with reasonable diligence be found at the registered office in this state, the secretary of state shall be irrevocably authorized as the agent and representative of the corporation . . . to accept service of process . . . . In the event that any process . . . is served on the secretary of state, the secretary shall immediately cause a copy of such process . . . to be forwarded by certified mail, addressed to the corporation . . . to the registered or principal office of the corporation . . . in the state of its incorporation or formation.

K.S.A. § 60-304(f).

Here, Hennecke attempted service on Defendant's registered agent, Charles Baker, at the address on file with the State of Kansas. That was unsuccessful. Hennecke then served the summons on the Secretary of State, consistent with § 60-304(f). The Secretary of State complied with the statutory provision by attempting service on Defendant, but that was returned as unclaimed.

Given the Kansas law designating the Secretary of State as the authorized agent and representative to accept service on behalf of Defendant, service was properly made. Thus the clerk's entry of default (doc. 8) was appropriate.

## 3.     Default Judgment

Once default is entered, as it has been in this case, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).    The entry of default judgment by the court is governed by Rule 55(b)(2), which provides:

> In all other cases, the party must apply to the court for a default judgment.

The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."  To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit and reasoning that a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default).  Thus, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

The inquiry does not end, however, just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995).  "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested

4

is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan.1994)). "'Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)). Additionally, the amount of damages that a plaintiff may recover on default is limited to the amount that the plaintiff claims in the prayer for relief in the complaint. *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Hennecke requests damages in the amount of $1,825,900 for Defendant's breach of contract. That amount is reflected in the contract signed by the parties as the purchase price of the equipment Hennecke was to manufacture for Defendant.

Hennecke also seeks $1,775,580 in direct, incidental, and consequential damages from Defendant's anticipatory repudiation of the contract. Although Hennecke attached an affidavit from its General Manager setting forth this number, these damages are not clearly supported by the record. There is no documentation, for example, about what this total number includes. Moreover, although the complaint purports to include this second contract as Exhibit C, it does not appear to have been attached. Thus, the court has no basis on which to confirm the sum of damages. Accordingly, the court must hold an evidentiary hearing to determine the appropriate award of damages.

5

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for default judgment is scheduled for a hearing on June 25, 2010, at 1:30 p.m.

**IT IS SO ORDERED** this 4th day of June, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge